UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHERN GARDENS CITRUS
PROCESSING CORPORATION,

    Plaintiff,

-vs-                                                                     Case No.:  2:11-cv-377-FtM-36SPC
                                                                            (LEAD)

BARNES RICHARDSON & COLBURN and
MATTHEY T. MCGRATH, individually,

    Defendants.
_____

    A.  DUDA & Sons, INC.,

    Plaintiff,

-vs-                                                                   Case No.:  2:11-cv-378-FtM-36SPC
                                                                            (MEMBER)

BARNES RICHARDSON & COLBURN and
MATTHEY T. MCGRATH, individually,

    Defendants.
_____

## ORDER

        This matter comes before the Court on Plaintiffs', Southern Gardens Processing Corporation and A. Duda & Sons, Inc., Motion to Compel the Production of Documents (Doc. # 33) and for Sanctions filed on February 17, 2012. Defendants' Response in Opposition to Plaintiffs' Motion to Compel and for Sanctions (Doc. # 39) was filed on March 2, 2012. Thus, the Motion is now ripe for review.

Plaintiffs assert that on June 7, 2011, Plaintiffs propounded on Defendants their Complaint accompanied by Plaintiffs' Initial Request for Production. (Doc. # 33, p. 2). After the action was removed to Federal Court, the parties agreed to the Defendants' requested extension to respond to Plaintiffs' Request for Production. (Doc. # 33, p. 2). Defendants complied with this deadline and produced over 55,000 digital documents. (Doc. # 33, p. 2). Plaintiffs contend that Defendants did not produce a number of e-mail and written correspondence that Plaintiffs know existed because said documents are also in the possession of the Plaintiffs. (Doc. # 33, p. 3–4). Plaintiffs request for this Court to enter an Order compelling Defendants to produce all documents they have in their possession responsive to the subject Request for Production and for sanctions for the costs associated with the duplicative documents produced and incurred during the preparation of this Motion. (Doc. # 33, p. 4).

Defendants respond to Plaintiffs' Motion to Compel and for Sanctions contending that the Plaintiffs' Motion to Compel must be denied because Plaintiffs failed to comply with Local Rules 3.01(g) and 3.04(a). (Doc. # 39, p. 3). Specifically, Defendants assert that Plaintiffs failed to specifically itemize and identify Defendants' alleged non-compliance as is required pursuant to Local Rule 3.04(a). (Doc. # 39, p. 3–6). Additionally, Defendants assert that Plaintiffs failed to comply with Local Rule 3.01(g) by failing to supplement the motion with a statement certifying whether and to what extent the parties had resolved the issue(s) presented in the motion. (Doc. # 39, p. 7).

Under the Local Rule 3.04(a):

> [a] motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on deposition, request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response

> which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted.

M.D. Fla. Local Rule 3.04(a). The Court finds that Plaintiffs have failed to comply with Local Rule 3.04(a). Plaintiffs have not quoted which request for production the motion is addressed to and have failed to quote the objections and grounds as stated by the Defendants in the Response to the Request for Production and argue to the Court why it should compel the Defendants to respond. The Plaintiffs' failure to comply with the Local Rules is fatal to its request and the Motion is due to be denied.

Under Local Rule 3.01(g) of this District, a movant must first confer with the opposing party to determine whether or not the requested relief is opposed. The Local Rule reads in pertinent part:

> [b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, *the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.* A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

M.D. Fla. Local Rule 3.01(g) (emphasis added). The Rule states clearly that the "moving party . . . shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion[.]"

Plaintiffs have stated within its Motion to Compel that they have contacted Defendants' counsel in an effort to rectify the discovery violations, yet there are still known documents within the Defendants' possession that have not been produced. (Doc. # 33, p. 6). However, Plaintiffs' Motion does not contain a statement of whether counsel agreed on a resolution as to the discovery when they conferred in good faith, as required by Local Rule 3.01(g). The Motion is due to be denied without prejudice on this ground as well.

Once there is an adequate opportunity to confer, the Court hopes that Defendants turn over any remaining documents that are responsive to Plaintiffs' discovery requests. Failure to produce documents that are clearly responsive to the discovery requests causing unnecessary delay and further motions, will be frowned upon by the Court.

In addition to the Motion to Compel production of documents, the Plaintiffs also move for sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A), which allows for costs in the event the Motion to Compel is granted. Plaintiffs failure to comply with the Local Rules of this District is fatal to the Motion to Compel, therefore Fed. R. Civ. P. 37(a)(5)(A) is inapplicable to the case at hand.

Accordingly, it is now

**ORDERED:**

The Plaintiffs' Motion to Compel Production of Documents and Sanctions (Doc. #33) is **DENIED without prejudice**.

All future motions to compel filed in this case shall comply with Local Rules 3.01(g) and 3.04(a).

The parties are encouraged to confer in an effort to resolve the outstanding disputes. If the discovery disputes remain unresolved, then the counsel may file a renewed motion after correcting the noted deficiencies.

**DONE AND ORDERED** at Fort Myers, Florida, this   6th   day of March, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record