**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SOUTHERN GARDENS CITRUS
PROCESSING CORPORATION,

    Plaintiff,

-vs-                                                  Case No.: 2:11-cv-377-99SPC
                                                  LEAD

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

    Defendants.
_____/

A.DUDA & SONS, INC.,

    Plaintiff,

-vs-                                                  Case No.: 2:11-cv-00378-99SPC
                                                  MEMBER

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant's Motion to Compel Discovery from Plaintiffs (Doc. #76) filed on November 2, 2012. Plaintiffs' Response and Opposition to Defendants' Motion to Compel Discovery from Plaintiffs (Doc. #80) was filed on November 16, 2012. Therefore, the Motion is now ripe for review.

Defendant Barnes Richardson & Colburn ("BRC") moves for an entry of an order compelling production of documents and answers to interrogatories as requested in Defendant's

Second Requests for Production and Second Set of Interrogatories to Plaintiffs, Southern Gardens Citrus Processing Corp. ("SGC") and A. Duda & Sons, Inc. ("Duda").

## FACTUAL BACKGROUND

This dispute involves allegations for breach of fiduciary duty and legal malpractice. (Doc. # 2). Plaintiff, SGC, is a company that processes citrus fruit and produces orange juice and related products in Hendry County, Florida. (Doc. # 2, p. 2). Plaintiff, A. Duda & Sons, Inc., is a company producing orange juice in Hendry County, Florida.

Over the past two and a half decades, orange juice producers in Brazil have periodically sold in the United States orange juice at less than fair market value. (Doc. # 2, p. 2). In response, government entities have enacted orders mandating that monies be paid as anti-dumping duties by the Brazilian orange juice producers into a fund from which several United States orange juice producers may be reimbursed for lost profits due to the inability to compete with the sales price of Brazilian orange juice. (Doc. # 2, p. 2). The law firm of BRC and attorney Matthew T. McGrath, a lawyer with BRC, had acted as counsel for Florida Citrus Mutual and its members, and also represented individual orange juice producers in various administrative proceedings. (Doc. # 2, p. 3).

In October of 2000, the Continued Dumping and Subsidy Offset Act of 2000 ("the Act"), also known as the Byrd Amendment, was enacted which provided that assessed duties pursuant to an anti-dumping order must be distributed to affected domestic producers. (Doc. # 2, p. 3). A. Duda & Sons, Inc. was eligible. A. Duda & Sons, Inc. filed certifications for the Byrd monies in the years 2002, 2003, 2004, 2005, and 2007, and SGC did in 2007. (Doc. #80, n.2).

In 2007, the U.S. Customs & Border Protection issued a second anti-dumping order expanding the categories of orange juice products subject to anti-dumping tariffs. SGC was now

eligible to file Byrd Certifications. It required that the anti-dumping duties which had been collected would then be available at a future date to be paid to Florida citrus growers who lost profits due to the Brazilians flooding the market with underpriced orange juice. (Doc. # 2, p. 6).

Plaintiffs claim in this legal malpractice case that BRC and McGrath failed to timely notify Plaintiff, SGC, of their need to file subsequent Certifications to Claim a Distribution of Continued Dumping and Subsidy Offset and Certifications, otherwise known as the "Byrd Certifications." (Doc. # 2, p. 7). Additionally, the Complaint alleges that since Plaintiff, SGC, was not timely notified and was otherwise unaware of said filing deadlines, no Certifications were filed in the years 2008, 2009, and 2010, which legally precluded them from their proportionate share of the available funds. (Doc. # 2, p. 7). Plaintiffs contend that BRC notified Florida Citrus Mutual, along with several other members of the Florida citrus industry about said annual notices, yet they conspicuously failed to notify Southern Gardens of the application deadline to their detriment. (Doc. # 2, p. 7). Plaintiffs brought this action for Breach of Fiduciary Duty and Malpractice against Defendants, BRC and McGrath, to recover for damages incurred by Plaintiffs as a result of Defendants failing to notify Plaintiffs of when to file the Certifications. (Doc. # 2). Defendants assert comparative negligence as one of their affirmative defenses.

In the course of discovery, on September 18, 2012, BRC propounded a Second Set of Interrogatories and Second Set of Requests for Production to both Plaintiff SGC and Duda seeking discovery of information related to Plaintiffs' procedures, level of experience, and sophistication in filing documents with governmental entities in a timely and periodic fashion. The separate discovery requests propounded on SGC and Duda included three interrogatories and twelve separate requests for documents.

## **DISCUSSION**

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Discovery requests are not only limited to the issues raised in the pleadings, nor limited only to evidence that would be admissible at trial.  Id.  However, "discovery, like all matters of procedure, has ultimate and necessary boundaries."  Id.  "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'"  Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660, at *6 (S.D. Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012-13 (D.C. Cir. 1997)).

Federal Rules of Civil Procedure 33 and 34 generally cover Requests for Production and Interrogatories, including timing, etc. *See* Fed. R. Civ. P. 33, 34.  If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure.  Fed. R. Civ. P. 37(a).  Whether or not to grant the motion to compel is at the discretion of the trial court.  Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a party.  Id.

*Interrogatories to SGC[1]*

1. Identify and describe with specificity all documents and financial information Southern Gardens (or affiliated entities on behalf of Southern Gardens) submitted to or filed with all government related entities and trade/business/industry related associations pursuant to any statutes, laws, enactments, regulations, ordinances, rulings, orders, certifications, programs or any other guidelines and requirements related to its business operations during the relevant time period and include all dates of filings and submissions, all deadlines for each filing and submission and state whether each submission and filing was made on a recurring basis.

   **SGC's ANSWER**:

   **Plaintiff objects to Interrogatory Number 1 as it is grossly overbroad, unduly burdensome, is only intended to harass since as it has no probative value, is not limited in time or scope, is immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Further, the Interrogatory seeks information which is protected from disclosure under the attorney-client privilege, the work product doctrine and/or cannot be disclosed pursuant to numerous court and/or administrative protective orders.**

   **In support of the objections raised, Southern Gardens states that it is a large corporation with many subsidiaries that are involved in a variety of businesses throughout the United States including, but not limited to agricultural production and real estate development. As Southern Gardens is such a diverse and vast corporation, it has filled voluminous documents before numerous governmental entities, none of which relate to any of the issues comprising the instant litigation. Through Interrogatory Number 1, Defendants essentially seek all of these documents and have not even attempted to limit their requests to specific government agencies and administrations or types of documents filed with them; thus making the request for information grossly overbroad, unduly burdensome and not limited in time and scope.**

   **Further, none of the information requested, other than what has been previously produced through responses to requests for production, has any bearing on the legal issues comprising the instant litigation. Moreover, in order to respond to Interrogatory Number 1, hundreds of hours of work will be required to research, gather, analyze and produce in a digestible format the irrelevant information requested. The financial costs and harm associated with obtaining and providing the requested information far outweighs the mistaken entitlement to broad disclosure of irrelevant information Defendants seek in this fishing expedition. Additionally, Defendants, through their all encompassing Interrogatory, request all documents and financial information filed by**

---

[1] BRC served substantially identical interrogatories upon Duda and Duda has responded by asserting substantially identical objections to those asserted by SGC.

**Southern Gardens and its affiliates to all government related entities. The Interrogatory seeks information that is subject to the attorney/client and work product doctrine privileges. While Plaintiff would ordinarily file with these objections a privilege log, the vague nature of the information requested makes the creation of a privilege log an impossibility at this time.**

**Finally, Interrogatory Number 1 requests trade secrets and confidential financial information from a private corporation which is not intended for public disclosure and is subject to administrative and court protective orders. Again, the harm associated with obtaining and providing the requested information far outweighs the request for broad disclosure of irrelevant information Defendants seek in this fishing expedition. Without a court order, Southern Gardens cannot produce some of the information sought by Defendants due to it being protected by court and administrative orders mandating non-disclosure. While Plaintiff would ordinarily file with these objections a log depicting the type of information protected by the court and administrative orders, the vague nature of the information request makes the creation of such a log an impossibility at this time.**

**Without waiving said objections, all information that pertains to the Byrd Certifications, which are the only government filings relevant to this matter, has been previously produced through Plaintiffs responses to request for production.**

2. Identify all persons who were in any way involved with preparing all documents and financial information Southern Gardens (or affiliated entities on behalf of Southern Gardens) submitted to or filed with all government related entities and trade/business/industry related associations pursuant to any statutes, laws, enactments, regulations, ordinances, rulings, orders, certifications, programs or any other guidelines and requirements related to its business operations during the relevant time period and include a description of each person's involvement and the documents and financial information they prepared.

   **<u>SGC's ANSWER</u>:**

   **Plaintiff objects to Interrogatory Number 2 as it is grossly overbroad, unduly burdensome, is only intended to harass since as it has no probative value, is not limited in time or scope, is immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Further, the Interrogatory seeks information which is protected from disclosure under the attorney-client privilege, the work product doctrine and/or cannot be disclosed pursuant to numerous court and/or administrative protective orders.**

   **In support of the objections raised, Southern Gardens states that it is a large corporation with many subsidiaries that are involved in a variety of businesses throughout the United States, including, but not limited to agricultural production and real estate development. As Southern Gardens is**

**such a diverse and vast corporation, it has filed voluminous documents before numerous governmental entities, none of which relate to any of the issues comprising the instant litigation. Through Interrogatory Number 2, Defendants essentially seek the names of all people who were in any way involved with the preparation of these documents and have not even attempted to limit their requests to documents to specific government agencies and administrations or the types of documents filed with them thus making the request for information grossly overbroad, unduly burdensome and not limited in time and scope.**

**Further, none of the information requested, other than what has been previously produced through responses to requests for production, has any bearing on the legal issues comprising the instant litigation. Moreover, in order to respond to Interrogatory Number 2, hundreds of hours of work will be required to research, gather, analyze and produce in a digestible format the irrelevant information requested. The financial costs and harm associated with obtaining and providing the requested information far outweighs the mistaken entitlement to broad disclosure of irrelevant information Defendants seek in this fishing expedition. Additionally, Defendants, through their all encompassing Interrogatory, request all people involved in preparing documents and financial information filed by Southern Gardens and its affiliates to all government related entities. The Interrogatory seeks information that is subject to the attorney/client and work product doctrine privileges. While Plaintiff would ordinarily file with these objections a privilege log, the vague nature of the information requested makes the creation of a privilege log an impossibility at this time.**

3. Identify and describe with specificity all benefits received by Southern Gardens (or affiliated entities on behalf of Southern Gardens), including monetary and non-monetary benefits, as a result of submitting or filing the documents and financial information itemized in your answer to Interrogatory No. 1, above, and state what consequences Southern Gardens would have suffered if it did not timely comply with the deadlines for these submissions or filings.

   **SGC's ANSWER**:

   **Plaintiff objects to Interrogatory Number 3 as it is grossly overbroad, unduly burdensome, is only intended to harass since as it has no probative value, is not limited in time or scope, is immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Further, the Interrogatory seeks information which is protected from disclosure under the attorney/client privilege, the work product doctrine and/or cannot be disclosed pursuant to numerous court and/or administrative protective orders.**

   **In support of the raised objections, please see the arguments put forth in Answer to Interrogatory Number 1 as the basis for the objections are identical.**

*Requests for Production to SGC*[2]

1. All documents and financial information Southern Gardens (or affiliated entities on behalf of Southern Gardens) submitted to or filed with all government related entities and trade/business/industry related associations pursuant to any statutes, laws, enactments, regulations, ordinances, rulings, orders, certifications, programs or any other guidelines or requirements related to its business operations during the relevant time period.

2. All documents related to all deadlines that Southern Gardens (or affiliated entities on behalf of Southern Gardens) were required to comply with in connection with each submission or filing to all government related entities and trade/business/industry related associations pursuant to any statutes, laws, enactments, regulations, ordinances, rulings, orders, certifications, programs or any other guidelines or requirements related to its business operations during the relevant time period.

3. All documents substantiating how Southern Gardens (or affiliated entities on behalf of Southern Gardens) calendared and tracked deadlines to comply with each submission or filing to all government related entities and trade/business/industry related associations pursuant to any statutes, laws, enactments, regulations, ordinances, rulings, orders, certifications, programs or any other guidelines and requirements related to its business operations during the relevant time period.

4. All documents substantiating the identity of all persons who were in any way involved with preparing all documents and financial information Southern Gardens (or affiliated entities on behalf of Southern Gardens) submitted to or filed with all government related entities and trade/business/industry related associations pursuant to any statutes, laws, enactments, regulations, ordinances, rulings, orders, certifications, programs or any other guidelines and requirements related to its business operations during the relevant time period.

**SGC's ANSWER**:

**SGC's responses to requests 1-4 are substantially identical to its response to Interrogatory #2 above.**

5. All documents substantiating all benefits received by Southern Gardens (or affiliated entities on behalf of Southern Gardens), including monetary and non-monetary benefits, as a result of submitting or filing of the documents and financial information produced in response to Request No. 1, above.

---

[2] BRC served substantially identical requests for production upon Duda and Duda has responded by asserting substantially identical objections to those asserted by SGA, with the only exception being that Duda has stated that it did not participate in the specific government programs referenced in Requests 7-12.

6. All documents substantiating all consequences Southern Gardens (or affiliated entities on behalf of Southern Gardens) would have suffered if it did not timely comply with deadlines for the submissions or filings of documents and financial information produced in response to Request No. 1, above.

**SGC's ANSWER**:

**SGC's responses to requests 5-6 are substantially identical to its response to Interrogatory #3 above.**

7. All documents which Southern Gardens (or affiliated entities on behalf of Southern Gardens) submitted to or filed with all governmental related entities in connection with the Florida Department of Citrus and the United States Sugar Support Program as set forth in USDA Commodity Credit Corporation Sugar Program, 7 C.F.R. § 1435 and the Department of Labor's H-2A Program during the relevant time period.

8. All documents related to all deadlines that Southern Gardens (or affiliated entities on behalf of Southern Gardens) were required to comply with in connection with the Florida Department of Citrus and the United States Sugar Support Program as set forth in USDA Commodity Credit Corporation Sugar Program, 7 C.F.R. § 1435 and the Department of Labor's H-2A Program during the relevant time period.

9. All documents substantiating the identity of all persons who were in any way involved with preparing all documents Southern Gardens (or affiliated entities on behalf of Southern Gardens) submitted to or filed with all governmental related entities in connection with the Florida Department of Citrus and the United States Sugar Support Program as set forth in USDA Commodity Credit Corporation Sugar Program, 7 C.F.R. § 1435 and the Department of Labor's H-2A Program during the relevant time period.

10. All documents substantiating all benefits received by Southern Gardens (or affiliated entities on behalf of Southern Gardens), including monetary and non-monetary benefits, as a result of complying with the Florida Department of Citrus and the United States Sugar Support Program as set forth in USDA Commodity Credit Corporation Sugar Program, 7 C.F.R. § 1435 and the Department of Labor's H-2A Program during the relevant time period.

11. All documents substantiating all consequences Southern Gardens (or affiliated entities on behalf of Southern Gardens) would have suffered if it did not timely comply with deadlines imposed by the Florida Department of Citrus and the United States Sugar Support Program as set forth in USDA Commodity Credit Corporation Sugar Program, 7 C.F.R. § 1435 and the Department of Labor's H-2A Program during the relevant time period.

12. All documents substantiating how Southern Gardens (or affiliated entities on behalf of Southern Gardens) calendared and tracked deadlines imposed by the Florida

>Department of Citrus and the United States Sugar Support Program as set forth in USDA Commodity Credit Corporation Sugar Program, 7 C.F.R. § 1435 and the Department of Labor's H-2A Program during the relevant time period.
>
>**SGC's ANSWER**:
>
>**SGC's responses to requests 7-12 are substantially identical to its response to Interrogatory #2 above.**

Defendant asserts that this information is relevant because if Plaintiffs have filed other periodic or annual filings timely via a calendaring or other system, without the reminder from counsel, that fact would undercut Plaintiffs' contention that Defendants are the proximate cause of their alleged loss. Defendant wants this information to show that Plaintiffs have extensive experience in completing and filing documents with governmental agencies. Plaintiffs' objections and answers were lengthy, but essentially asserted that the requests were overbroad, unduly burdensome, and intended to harass since as it has no probative value, is not limited in time or scope, is immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiffs object stating that the information is protected from disclosure under the attorney-client privilege, the work product doctrine, and/or cannot be disclosed pursuant to numerous court and/or administrative protective orders.

*Request to Compel Interrogatories*

First, with regard to the temporal scope, Defendant asserts that the relevant time period is January 1, 2002 through the present date. Defendant argues this time period is relevant because 2002 was the first year Duda began claiming government funds underlying the suit. Plaintiffs' malpractice allegations though surround the 2008, 2009, and 2010 Byrd certifications and the alleged failure of Defendants to provide notice of the annual deadline as the proximate cause of their injuries. Therefore, *for the purposes of Defendant's Second Set of Interrogatories* which

request information regarding other filings made with governmental-related entities besides the Byrd certifications, the Court finds the relevant time period is 2008-2010.

Second, the Court finds that Defendant has demonstrated that at least the essence of the information it is requesting is relevant, namely information related to Plaintiffs' submissions to other governmental-related entities. However, the Court agrees with Plaintiffs that the requests are entirely overbroad. Therefore, the Court will only grant in part Defendant's request to compel interrogatory responses. Plaintiffs SGC and Duda will be compelled to respond to Interrogatory No. 1 in part, wherein Plaintiffs SGC and Duda (and their subsidiaries) must identify what filings they made to all government-related entities and trade/business/industry related associations pursuant to any statutes, laws, enactments, regulations, ordinances, rulings, orders, certifications, programs or any other guidelines and requirements related to its business operations from 2007-2010 and include all dates of filings, all deadlines for each filing, and state whether each filing was made on a recurring basis. Further, the Court also grants in part the request to compel a response to Interrogatory No. 2. Plaintiffs shall identify all persons who prepared the filings Plaintiffs submitted as identified in response to Interrogatory No. 1. To the extent this information contains proprietary, trade secret, and sensitive information, the Parties should enter into a confidentiality agreement. To the extent this information is privileged, Plaintiffs shall provide Defendant with a privilege log.[3]

*Request to Compel Document Production of Documents*

The Court finds at this time that documents related to the submissions made by Plaintiffs to other governmental-related entities as requested in Interrogatories Nos. 1 and 2 are not

---

[3] Plaintiffs also contend that certain information cannot be disclosed "pursuant to numerous court and/or administrative protective orders." To the extent this is the case, the information must be provided to Defendant who may make a determination as to how to proceed but the Parties are encouraged to meet and confer to come to an agreement about such information prior to filing any motions with the Corut.

relevant. While the Court has determined as discussed above that the information regarding the actual filings is relevant, Defendant has not been demonstrated to the Court why any information contained within documents submitted is relevant. Should further discovery after the interrogatories are answered reveal that the documents would be relevant, the Parties are encouraged to meet and confer regarding this issue prior to filing a motion with the Court.[4]

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Compel Discovery from Plaintiffs (Doc. #76) is **GRANTED in part and DENIED in part**.

(2) The Motion is **GRANTED** to the extent that Plaintiffs are directed to respond to Interrogatories No. 1 and 2 as outlined and set forth above on or before **December 21, 2012**.

(3) All other Interrogatories and Request for Production of Documents contained in Defendant's Motion are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of November, 2012.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

---

[4] Plaintiffs argue that much of the information requested can be obtained through requests for admission. Even though this seems to the Court to be one of the ways that the information could be obtained, the Court only rules on discovery issues as they arise and cannot advise the Parties as to which discovery methods to employ. The Parties are encouraged to meet and confer regarding the best resolution of these discovery issues.