**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SOUTHERN GARDENS CITRUS
PROCESSING CORPORATION,

    Plaintiff,

-vs-                                                    Case No.: 2:11-cv-377-99SPC
                                                                         LEAD

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

    Defendants.
_____/

A.DUDA & SONS, INC.,

    Plaintiff,

-vs-                                                     Case No.: 2:11-cv-00378-99SPC
                                                                         MEMBER

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

    Defendants.
_____/

**ORDER**

        This matter comes before the Court on Plaintiff Southern Gardens Citrus Processing Corporation's Motion to Compel Discovery from Defendants (Doc. #111) filed on March 14, 2013. Defendants' Response in Opposition (Doc. #112) was filed on March 21, 2013. Thus, the Motion is now ripe for review.

        Plaintiff Southern Gardens Citrus Processing Corporation ("SGC") moves for an entry of an order compelling production of a 2007 cover letter, which it argues would fall into the

categories of documents requested in Plaintiff's First Request for Production to Defendants Barnes Richardson & Colburn ("BRC") and Matthew T. McGrath.

## FACTUAL BACKGROUND

This dispute involves allegations for breach of fiduciary duty and legal malpractice. (Doc. # 2). Plaintiff, SGC, is a company that processes citrus fruit and produces orange juice and related products in Hendry County, Florida. (Doc. # 2, p. 2). Over the past two and a half decades, orange juice producers in Brazil have periodically sold orange juice in the United States at less than fair market value. (Doc. # 2, p. 2). In response, government entities have enacted orders mandating that monies be paid as anti-dumping duties by the Brazilian orange juice producers into a fund from which several United States orange juice producers may be reimbursed for lost profits due to the inability to compete with the sales price of Brazilian orange juice. (Doc. # 2, p. 2). The law firm of BRC and McGrath, a lawyer with BRC, had acted as counsel for Florida Citrus Mutual and its members, and also represented individual orange juice producers in various administrative proceedings. (Doc. # 2, p. 3).

In October of 2000, the Continued Dumping and Subsidy Offset Act of 2000 ("the Act"), also known as the Byrd Amendment, was enacted which provided that assessed duties pursuant to an anti-dumping order must be distributed to affected domestic producers. (Doc. # 2, p. 3). In 2007, the U.S. Customs & Border Protection issued a second anti-dumping order expanding the categories of orange juice products subject to anti-dumping tariffs. SGC was now eligible to file Byrd Certifications. It required that the anti-dumping duties which had been collected would then be available at a future date to be paid to Florida citrus growers who lost profits due to the Brazilians flooding the market with underpriced orange juice. (Doc. # 2, p. 6).

Plaintiffs claim in this legal malpractice case that BRC and McGrath failed to timely notify Plaintiff, SGC, of their need to file subsequent Certifications to Claim a Distribution of Continued Dumping and Subsidy Offset and Certifications, otherwise known as the "Byrd Certifications." (Doc. # 2, p. 7). Additionally, the Complaint alleges that since Plaintiff, SGC, was not timely notified and was otherwise unaware of said filing deadlines, no Certifications were filed in the years 2008, 2009, and 2010, which legally precluded them from their proportionate share of the available funds. (Doc. # 2, p. 7). Plaintiffs contend that BRC notified Florida Citrus Mutual, along with several other members of the Florida citrus industry about said annual notices, yet they conspicuously failed to notify Southern Gardens of the application deadline to their detriment. (Doc. # 2, p. 7). Plaintiffs brought this action for Breach of Fiduciary Duty and Malpractice against Defendants, BRC and McGrath, to recover for damages incurred by Plaintiffs as a result of Defendants failing to notify Plaintiffs of when to file the Certifications. (Doc. # 2). Defendants assert comparative negligence as one of their affirmative defenses.

## DISCUSSION

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery requests are not only limited to the issues raised in the pleadings, nor limited only to evidence that would be admissible at trial. Id. However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. "Courts have long held that '[w]hile the standard of relevancy [in

discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660, at *6 (S.D. Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012-13 (D.C. Cir. 1997)).

Federal Rules of Civil Procedure 33 and 34 generally cover Requests for Production and Interrogatories, including timing, etc. *See* Fed. R. Civ. P. 33, 34. If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a party. Id.

The requests for production at issue in the instant Motion are as follows:

**Request No. 3**:

All documents or records related to you or your firm's legal representation of the Plaintiff including, but not limited to, retainer agreements, invoices and employee contracts, file notes, correspondence, memoranda, pleadings, e-mails, etc.

**Response**:

BRC objects to this request to the extent it seeks information which is protected from disclosure under the attorney-client privilege and under the work product doctrine, including information gathered or prepared in anticipation of litigation or for trial or constitutes mental impressions, conclusions or legal theories, as well as any information protected by any court's orders or administrative protective orders. Subject to the foregoing objections, BRC shall produce all responsive documents in its possession.

**Request No. 4**:

All documents, correspondence, or inter office memoranda concerning the facts, matters,

4

circumstances or allegations of the underlying claims comprising this legal malpractice action.

**Response**:

BRC objects to this request on the grounds that it is vague, overly broad, immaterial, oppressive, not likely to lead to the discovery of admissible evidence and interposed solely for the purpose of harassment. BRC also objects on the grounds that this request seeks information which is protected from disclosure under the attorney-client privilege and under the work product doctrine, including information gathered or prepared in anticipation of litigation or for trial or constitutes mental impressions, conclusions or legal theories, as well as any information protected by any court's orders or administrative protective orders. Subject to the foregoing objections, BRC shall produce all responsive documents in its possession related to Plaintiffs claims.

**Request No. 5**:

Each document or draft of a document representing all notices of appearance and pleadings which you or your firm prepared and/or filed on Plaintiffs behalf in any and all courts and/or before or with and/or administrative agencies.

**Response**:

BRC will produce all responsive documents in its possession.
Defendants' main objections to the above requested Requests for Production are that some of the requested documents are protected by the attorney-client and work-product privileges.

Plaintiff SGC argues that of great importance are cover letters, which were prepared by Defendants and sent to the Bureau of Customs and Border Protection. These cover letters would accompany the Defendants' filing of the Byrd Certifications for each party who Defendants filed on behalf of. Specifically, Plaintiff SGC seeks production of a 2007 cover letter. That is the only document at issue in the instant Motion to Compel.

Plaintiff states that in 2007, Defendants prepared and filed the described cover letters for fourteen Florida citrus growers and/or processors.[1] Upon information and belief, Plaintiff alleges that similar correspondence was prepared and filed by the Defendants on behalf of SGC in 2007. As background for this allegation, Plaintiff informs the Court that during the summer of 2007, in light of the imposition of the new anti-dumping order against certain Brazilian citrus producers, a meeting was held at the offices of Florida Citrus Mutual ("FCM"), as association of Florida orange growers, wherein a specific process was proposed for the filing of the Byrd Certifications by interested companies, including SGC. Pursuant to those discussions, Byrd certifications would be submitted first to FCM who would review the forms for accuracy, and then they would forward all certifications to Defendants for a final review and submission to the proper authorities. Ricke Kress, President of SGC, attended the meeting with FCM. In 2007, Defendants followed the described process and submitted the Byrd Certifications to the Bureau of Customs and Border Protection for the fourteen companies, with a cover letter prepared by the Defendants. Through discovery in this case, Plaintiff SGC alleges that the evidence suggests that this same process was done for SGC. SGC therefore seeks discovery of the 2007 cover letter from Defendants which they allege must have been included with their Byrd claim submission.

Defendants respond that such a cover letter does not exist and therefore they have not produced any such cover letter. Defendants explain that Plaintiff SGC submitted its Byrd claims to FCM, which received them on July 23, 2007; however, Plaintiff SGC's Byrd claims contained an error which required correction, as memorialized in a July 23, 2007 e-mail between Kress (President of SGC) and Cortney O. Morgan (an attorney for BRC) (Doc. #112-1). The e-mail

---

[1] A. Duda & Sons, Inc., Alico Inc., Ben Hill Griffin Inc., Citrus World Inc., Clonts Groves Inc., Evans Properties Inc., Flying V Inc., Fred Gutwein Family Citrus LLC, Lykes Bros Inc., Sorells Bros Packing Co Inc., Sorrells Groves Care Inc., Sorrells Groves Inc, Story Grove Services Inc. and Wheeler Farms Inc.

6

indicates that this correction was made by FCM at their offices. Defendants assert that this correction at FCM's office apparently caused a delay and precluded handling of SGC's Byrd claim in the same manner as the other fourteen companies for which cover letters were created. Thus, Defendants state that a cover letter was never created for Plaintiff SGC for its 2007 submission.

Defendants have represented to the Court that the document Plaintiff seeks production of does not exist. The Court accepts this representation as it has been presented with no evidence that would persuade it otherwise.[2] Therefore, the motion to compel is due to be denied without prejudice. However, should a 2007 cover letter be located, the Court finds it to be relevant, and therefore, discoverable. Such a letter should be produced pursuant to the Defendants' duty to supplement under Federal Rule 26(e).

Accordingly, it is now

**ORDERED:**

Motion to Compel Discovery from Defendants (Doc. #111) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of March, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[2] Even though attorney McGrath testified at his deposition that he thought SGC was one of the companies for which a cover letter were made for the 2007 Byrd claim submissions, there is no indication that such a document exists and Defendants have asserted that such a document does not exist. (Doc. #111, pp. 9-10).

7