**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

SOUTHERN GARDENS CITRUS
PROCESSING CORPORATION,

    Plaintiff,

-vs-                                                        Case No.: 2:11-cv-377-99SPC
                                                              LEAD

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

    Defendants.
_____/

A.DUDA & SONS, INC.,

    Plaintiff,

-vs-                                                        Case No.: 2:11-cv-00378-99SPC
                                                              MEMBER

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

    Defendants.
_____/

**ORDER**

       This matter comes before the Court on Plaintiffs' Motion for Reconsideration of Order Denying Plaintiff Leave to Amend Complaint (Doc. #109) filed on March 7, 2013. Defendants' Response in Opposition to Plaintiffs' Motion for Reconsideration (Doc. #110) was filed on March 8, 2013. Plaintiffs ask that the Court reconsider its Endorsed Order denying Plaintiffs' Motion for Leave to Amend the Complaint to Add Claims for Punitive Damages (Doc. #101) based on newly-obtained evidence and statements by Defendants.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the court has already determined. Carter, 2006 WL 2620302 at * 1. The court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

The Plaintiff moves the Court to reconsider its Endorsed Order denying Plaintiffs' Motion for Leave to Amend the Complaint to Add Claims for Punitive Damages (Doc. #101) based on newly-obtained evidence and statements by Defendants. Specifically, Plaintiffs assert that the "newly-obtained evidence" is that Defendants knowingly delayed filing their motion to substitute expert witness until after the Court ruled on the Motion to Amend. Plaintiffs argue that Defendants' purported reason for opposing Plaintiffs' Motion to Amend was because it would delay the case and cause discovery to be reopened but now Defendants are delaying the case by asking to substitute an expert witness.

The Honorable Steven D. Merryday denied Plaintiffs' Motion to Amend by Endorsed Order, stating that "Amendment after the pleading deadline is generally disfavored but subject to exception in a persuasive circumstance. For the reasons stated by the defendants in the response, the plaintiffs offer no persuasive reason to permit the proposed amendment under the circumstances." (Doc. #101). Plaintiffs have failed to demonstrate that there has been an intervening change in the controlling law, any new evidence, or the need to correct clear error or prevent manifest injustice. The Court does not see Defendants' motion practice and timing as a basis to reconsider the previous Endorsed Order. The Plaintiffs have failed to provide the Court with a basis for reconsideration. Therefore, the Court finds that no good cause exists to warrant reconsideration.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Reconsideration of Order Denying Plaintiff Leave to Amend Complaint (Doc. #109) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of June, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record