**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

SOUTHERN GARDENS CITRUS
PROCESSING CORPORATION,

      Plaintiff,

-vs-                                    Case No.:  2:11-cv-377-99SPC
                                              LEAD

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

      Defendants.

_____/

A.DUDA & SONS, INC.,

      Plaintiff,

-vs-                                    Case No.:  2:11-cv-00378-99SPC
                                             MEMBER

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

      Defendants.

_____/

## <u>ORDER</u>

      This matter comes before the Court on Defendants' Motion to Substitute Expert Witness (Doc. #103) filed on February 6, 2013.  Plaintiffs' Response in Opposition to Defendants' Motion to Substitute Expert Witness (Doc. #105) was filed on February 15, 2013.  Defendants Barnes Richardson & Colburn and Matthew T. McGrath move to substitute Kenneth Weigel as an expert in place of Matthew Jaffe.  As grounds, Defendants inform the Court that Mr. Jaffe notified Defense counsel on December 19, 2012, that he had accepted employment with the United States Government in the trade

representative's office and that his employment contract with the United States prevents him from serving any clients whatsoever.  Thus, he is unable to continue to serve as an expert witness in this matter.  Mr. Jaffe had been retained to provide an expert opinion as to the standard of care applicable to Plaintiffs' action for legal malpractice and breach of fiduciary duty.  Defendants state that they immediately began a search for an expert to replace Mr. Jaffe once they knew of this and have now retained Kenneth Weigel, Esq. as their expert.  As the deadline for Plaintiffs to disclose expert reports was June 1, 2012 and July 2, 2012 for Defendants (Doc. #44), Defendants move for leave of Court to substitute Mr. Weigel as an expert in place of Mr. Jaffe out of time.  Defendants represent to the Court that Mr. Weigel's opinion in this matter will "mirror" Mr. Jaffe's. (Doc. #103, ¶6).

Plaintiffs object to the substitution on the grounds that Defendants intentionally delayed the filling of the instant Motion despite being advised on December 19, 2012, of their expert's withdrawal.  Plaintiffs argue that Defendants intentional delay was prompted by Defendants need to put forth contradicting arguments in order to successfully argue against Plaintiffs' Motion for Leave to Amend the Complaint, to which Defendants argued that granting the Motion to Amend would cause this case to be delayed.  Plaintiffs now assert that it is Defendants that are delaying this case by seeking to substitute an expert witness which will cause a delay in this matter going to trial.

With regard to the timing of the disclosure, which is the main point of contention between the Parties, Defendants realized that Mr. Jaffe would be unable to act as expert in this matter on December 19, 2012.  On January 8, 2013, Defense counsel e-

mailed Plaintiffs' counsel to inform him that as of December 19, 2012, one of Defendants' experts was no longer involved in this matter and that Defense counsel had another expert in mind to use. Defense counsel asked Plaintiffs' counsel if he had any objection to the substitution. (Doc. #105-1). Plaintiffs' counsel responded the same day and informed Defense counsel that he had consulted with his clients and that they would not agree with the request to substitute "due to many factors I will not go into." (Doc. #105-2). Defendants state in their Brief that because of the holiday season, the limited field in which a standard of care expert is required to have knowledge of in this case – International Trade Law –, and the need for the expert to begin his review of the materials, Defendants were not able to retain Mr. Weigel as a replacement expert until January 29, 2013. On January 29, 2013, Plaintiffs took the deposition of another of Defendants' experts, Lewis F. Tesser, Esq. On February 1, 2013, Defendants took the deposition of Plaintiffs' expert, Barry E. Cohen. The instant Motion was then filed on February 6, 2013. Plaintiffs argue that the Motion should have been filed sooner because the new expert now has a tactical advantage as the depositions of the other experts have taken place and because Defendants were able to successfully argue that Plaintiffs should not be allowed to amend their Complaint.

The Federal Rules give discretion to district courts to exclude untimely submissions. Specifically, Rule 37(c) states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 26(a)'s expert disclosure requirement "is intended to provide opposing parties

reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."  OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008).  "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." Collado v. Carnival Corp., No. 10-21568-CIV, 2011 WL 3268042, at *1 (S.D. Fla.  July 29, 2011) (quoting Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009)).

The Court finds that Defendants' untimely disclosure of its expert, Mr. Weigel, substantially justified as the delay in retaining Mr. Weigel after Defendants knew they needed a replacement, was not protracted, especially given the holiday season.  Even though Defendants' expert disclosure deadline was July 2012, Plaintiff was not aware of the need for the late disclosure until December 2012, through no fault of their own.  The Court is concerned though about the prejudice that Plaintiffs will suffer if Mr. Weigel offers opinions that are wholly different and new from the opinions offered by Mr. Jaffe. The Court is sure that the opinions will "mirror" each other though, as this is what Defendants have represented to the Court.  Further, Mr. Weigel's expert report has already been prepared and was provided to the Plaintiffs on March 1, 2013 (Doc. #108) and Defendants previously provided Plaintiffs' counsel with dates for Mr. Weigel's deposition in March and April (Doc. #110, pp. 6-7.[1]

As the Court is aware that this finding may potentially impact the deadlines and pending motions in this matter, the Court will hold a hearing to discuss such issues with the Parties.  Trial is currently set for the September 3, 3013 trial docket.  (Doc. #130). The Parties shall meet and confer prior to the hearing to discuss how Mr. Weigel's

---

[1] The Court is offering no opinion at this time as the propriety of Mr. Weigel's opinion nor to the substance of his report, only that he may be substituted as an expert in this case.

substitution will impact the trial date of this matter, as well as whether the substitution impacts the <u>Daubert</u> and motions for summary judgment currently pending before the Court.   (Docs. #117, 118, 119, 121).

Accordingly, it is now

**ORDERED:**

(1) Defendants' Motion to Substitute Expert Witness (Doc. #103) is **GRANTED**. Kenneth Weigel, Esq. is substituted as an expert in this matter for Matthew Jaffe on behalf of the Defendants.

(2) The Court will hold a hearing in this matter in accordance with the above on **June 18, 2013, at 1:30 p.m.** at the United States Courthouse and Federal Building, 2110 First Street, Courtroom 5D, Fort Myers, Florida 33901.   The Clerk shall issue a separate notice of hearing.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of June, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record