UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHERN GARDENS CITRUS
PROCESSING CORPORATION,

    Plaintiff,

v.                                                                     Case No.: 2:11-cv-377-38UAM
                                                                        LEAD

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

    Defendants.
_____/

A.DUDA & SONS, INC.,

    Plaintiff,

v.                                                                      Case No.: 2:11-cv-378-38UAM
                                                                        MEMBER

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff Southern Gardens Citrus Processing Corporation and A. Duda & Son's Motion to Strike Defendants' Expert, Mr.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Tesser (Doc. #150) filed on September 30, 2013. Defendants' Response in Opposition (Doc. #165) was filed on October 15, 2013. Also before the Court is Defendants' Dispositive <u>Daubert</u> Motion to Exclude Plaintiffs' Experts (Doc. #153) filed on September 30, 2013. Plaintiffs' Response in Opposition (Doc. #158) was filed on October 15, 2013. Thus, the issues raised are now ripe for review.

Plaintiffs claim in this legal malpractice case that Barnes Richardson and Colburn (BRC) and BRC attorney Matthew McGrath failed to timely notify Plaintiffs of their need to file Certifications to Claim a Distribution of Continued Dumping and Subsidy Offset and Certifications in 2008, 2009, and 2010 ("Byrd Certifications"). Additionally, the Complaint alleges that since Plaintiffs were not timely notified and were otherwise unaware of said filing deadlines, no Certifications were filed which legally precluded them from their proportionate share of the available funds. (Doc. #2, p. 7). Plaintiffs contend that BRC notified several other members of the Florida citrus industry about said annual notices, yet they conspicuously failed to notify Plaintiffs of the application deadline to their detriment. (Doc. #2, p. 7).

### I.  Defendants' Motion to Exclude Anthony Alfieri and Barry Cohen

Defendants argue that Plaintiffs' expert, Professor Anthony Alfieri, Esq. and Mr. Barry Cohen, Esq., have no experience in or knowledge of the particular area of law at issue in this case, the central issue being whether Defendants had a duty to notify Plaintiffs of the deadlines for filing Byrd Certifications in 2008, 2009, and 2010, and whether such duties were fulfilled. Under Florida law, in order to prevail on a legal malpractice claim, "a plaintiff must establish the existence of three essential elements: (1) that the defendant attorney was employed by the plaintiff; (2) that the defendant

attorney neglected a reasonable duty owed to the plaintiff; and (3) that such negligence was the proximate cause of loss to the plaintiff." Olmsted v. Emmanuel, 783 So.2d 1122, 1125 (Fla. 1st DCA 2001). "Our review of Florida case law indicates that a legal malpractice plaintiff must present expert testimony to establish the appropriate standard of care (and breach thereof) unless the lawyer's lack of care and skill is so obvious that the trier of fact can resolve the issue as a matter of common knowledge." Evans v. McDonald, 313 F. App'x 256, 258 (11th Cir. 2009). "But when the facts of the case are such that the duty owed and the applicable standard of care is not common knowledge, expert opinion is necessary to establish a breach." Id. (citing Willage v. Law Offices of Wallace and Breslow, P.A., 415 So.2d 767 (Fla. 3d DCA 1982)). In the Evans case, the court found that "duties owed by Lawyer McDonald and the standard of practice applicable to the requested legal services - what advice about consequences a reasonable practitioner would give under these circumstances - is not within the common knowledge of a jury; no breach can be shown without expert testimony." Id. Thus, the Court agrees that expert testimony is needed regarding the standard of care in this case.

> Rule 702 provides:
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Civ. P. 702. Under this rule of evidence and the Supreme Court decision governing its application, Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113

S. Ct. 2786, 125 L. Ed. 2d 469 (1993), district courts must act as "gatekeepers," admitting expert testimony only if it is both reliable and relevant, to prevent speculative and unreliable testimony from reaching the jury. Rink v. Cheminova, Inc., 400 F.3d 1286, 1291 (11th Cir. 2005). To fulfill its role as a gatekeeper of admissible evidence, a court must determine whether: (1) the expert is "qualified to testify competently regarding the matters he [or she] intends to address"; (2) the expert's methodology is "sufficiently reliable"; and (3) the expert testimony "assists the trier of fact." City of Tuscaloosa v. Hacros Chemicals, Inc., 158 F.3d 548, 562 (11th Cir. 1998). The party offering the expert opinion bears the burden of establishing the admissibility of the expert testimony. United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir.2004).

"While scientific training or education may provide possible means to qualify, experience in a field may offer another path to expert status. In fact, the plain language of Rule 702 makes this clear: expert status may be based on 'knowledge, skill, experience, training, or education.'" Frazier, 387 F.3d at 1260-61 (quoting Fed. R. Civ. P. 702) (emphasis in original). "So long as the witness is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility." Hendrix v. Evenflo Co., 255 F.R.D. 568, 585 (N.D. Fla. 2009) (internal quotation marks and citation omitted) (alteration in original); see also Allison v. McGhan Medical Corp., 184 F.3d 1300, 1321 (11th Cir. 1999) (noting that a trial judge must not "perform[ ] a searching inquiry into the depth of an expert witness's soul," as that would lead to "evaluating witness credibility and weight," which is the role of the jury (quoting McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1045 (2d Cir. 1995))).

Plaintiffs have retained Professor Anthony Alfieri and Mr. Barry Cohen to provide expert opinions on their behalf. Professor Alfieri is a professor of legal ethics and opines regarding Defendants' conduct under the relevant rules of professional responsibility. Mr. Cohen is an attorney in Washington, D.C., relying on his experience in the area of professional responsibility, in both the District of Columbia and Florida. Defendants first argue that their testimony should be excluded because they lack any experience in or knowledge of the practices of attorneys representing clients in connection with Byrd Certifications, therefore they cannot opine as to the relevant standard of care to be applied to the Defendants in such circumstances.

"The Supreme Court has recognized that a district court has "broad latitude" to allow an expert whose testimony is based on "professional studies or personal experience." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999). In this case, both Professor Alfieri and Mr. Cohen may opine as to the standard of care owed to a client by an attorney. The Court has reviewed the expert reports as well as the credentials submitted by the Parties and finds that their testimony may be admissible at trial regarding the relevant standard of care applicable in this case. The testimony is admissible and its weight, if any, is for the jury to decide.

Defendants next argue that Professor Alfieri should be excluded because rules of professional responsibility have no bearing on civil liability for malpractice. While a violation of the Rules of Professional Conduct does not create a legal duty on the part of the lawyer nor constitute negligence *per se*,[2] it may be used as some evidence of

---

[2] The preamble to the Rules of Professional Conduct explicitly recites:

> Violation of a rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The rules are designed to provide

negligence. Oberon Investments, N.V., v. Angel, Cohen and Rogovin, 492 So.2d 1113, 1114 n.2 (Fla. 3d DCA 1986), quashed on other grounds, 512 So.2d 192 (Fla. 1987). Professor Alfieri relies upon his familiarity with the Florida Rules of Professional Conduct to render his opinions, which the Court will allow. Many arguments included in the Parties' briefing go to the weight to afford the testimony of the experts, not to whether they are qualified to render such opinions. The Court's determination that the expert reports and testimony are admissible is not a judgment as to the weight that should be given to their opinions. Defendants' challenge to the experts' unfamiliarity with the work of attorneys in the area of international trade law would be properly made through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof," but not wholesale exclusion of their testimony. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 596, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

The Court agrees with Defendants though that no experts may testify as to the ultimate questions that must be decided by the jury in this case, such as whether legal malpractice was committed, whether Defendants breached a legal duty of care, whether an attorney-client relationship existed regarding the Byrd Certifications in 2008, 2009, and 2010, and whether the Defendants breached their fiduciary duties. These ultimate conclusions will be left to the jury to decide.

"An expert may testify as to his opinion on an ultimate issue of fact. Fed. R. Evid. 704. An expert may not, however, merely tell the jury what result to reach."

---

> guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability.... Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such duty.

Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990) (citing Fed. R. Evid. 704 at Committee Notes) (merely telling jury what result to reach is not helpful to the jury and therefore is not admissible testimony)). "A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law. Id. Rule 704 was not intended to allow experts to offer opinions embodying legal conclusions. See Advisory Comm. Notes to Fed. R. Evid. 704. "Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; *i.e.*, the conclusion is beyond the ken of the average layman." Goolsby v. Gain Technologies, Inc., 362 F. App'x 123, 134-35 (11th Cir. 2010) (internal quotations and citations omitted). "Rule 704(a) allows expert witnesses to reach 'an' ultimate issue at trial – not the ultimate issue at trial." Daley v. Chang, 286 B.R. 54, 68 (N.D. Ill. 2002) (citing 29 Wright & Gold. Fed. Prac. & Proc. Evid. § 6284)).

**II.    Plaintiffs' Motion to Exclude Defendants' Expert, Lewis Tesser**

Plaintiffs argue that Defendants' Expert Lewis Tesser should be excluded from offering an expert opinion in this case because he testified at his deposition that he will not be offering opinions in this matter as to whether Defendants committed legal malpractice or breached their fiduciary duties. Defendants respond that they are offering Mr. Tesser's opinions to rebut Professor Alfieri's report concerning legal ethics, analyzing Defendants' conduct under the Rules of Professional Conduct. As discussed above, experts may not testify as to the ultimate questions that must be decided by the jury, but experts may testify, and Defendants may rebut such testimony if they wish, regarding the relevant standard of care to be applied in this case as the "facts of the

case are such that the duty owed and the applicable standard of care are not common knowledge, expert opinion is necessary to establish a breach." Evans v. McDonald, 313 F. App'x 256, 258 (11th Cir. 2009). Thus, Mr. Tesser's will be permitted to testify.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Southern Gardens Citrus Processing Corporation and A. Duda & Son's Motion to Strike Defendants' Expert, Mr. Tesser (Doc. #150) is **DENIED**.

(2) Defendants' Dispositive *Daubert* Motion to Exclude Plaintiffs' Experts (Doc. #153) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of November, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record