UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHERN GARDENS CITRUS
PROCESSING CORPORATION,

     Plaintiff,

v.                                  Case No.:  2:11-cv-377-38UAM
                                             LEAD

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

     Defendants.

_____/

A.DUDA & SONS, INC.,

     Plaintiff,

v.                                  Case No.:  2:11-cv-378-38UAM
                                          MEMBER

BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

     Defendants.

_____/

## ORDER OF RECUSAL

     It has come to this Court's attention through pretrial filings in this case that Thomas Duda, senior executive of Plaintiff A. Duda & Sons, Inc. (Doc. #200), is a potential witness for trial in this matter, and is otherwise the author of certain exhibit's that will be offered in this case.  (Doc. #195).  The undersigned informed the Parties on November 14, 2013, that Mr. Duda was possibly a personal acquaintance of the undersigned.  Thereafter, on November 15, 2013, Defendants filed a "Notice of Conflict" (Doc. #199) and a "Notice" (Doc. #200), informing the Court that Mr. Duda is in

fact the same Thomas Duda who is a personal acquaintance of the undersigned. Based upon this, the Court held a telephonic hearing with the Parties on November 18, 2013, to discuss these issues.  Counsel for both Parties attended.

A district judge must recuse "himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  He must also recuse himself if he is personally biased or prejudiced towards a party.  Id. § 455(b).  The purpose of § 455(a) is to foster "the public's confidence in the impartiality and integrity of the judicial process."  Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1111 (5th Cir. 1980).[1] Thus, a judge should recuse himself if a reasonable person, aware of the circumstances, "would harbor doubts about the judge's impartiality."  Id.   A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned."  Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988).  However, a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.  United States vs. Malmsberry, 222 F. Supp. 2d 1345 (11th Cir. 2002) (citing United States vs. Greenspan, 26 F.3d 1001 (10th Cir. 1994)).

In this instance, as stated on the record at the November 18, 2013 hearing, the undersigned finds that she must recuse herself so as to avoid even the appearance of partiality.

Accordingly, it is now

---

[1] The Eleventh Circuit Court of Appeals has adopted the case law of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981, as its governing body of precedent. This precedent is binding unless and until overruled or modified by this Court en banc. Bonner v. City of Prichard, 661 F.2d 1206, 1209-11 (11th Cir. 1981) (en banc).

**ORDERED:**

The Undersigned is hereby **RECUSED** from the instant case.  The Clerk of the

Court is directed to reassign the lead and member cases to another District Judge.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of November, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record