```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

SOUTHERN GARDENS CITRUS
PROCESSING CORPORATION,

    Plaintiff,

v.                                             Case No.: 2:11-cv-377-29UAM


BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

    Defendants.
_____

A.DUDA & SONS, INC.,

    Plaintiff,

v.                                             Case No.: 2:11-cv-378-29UAM


BARNES RICHARDSON & COLBURN and
MATTHEW T. MCGRATH, individually,

    Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on a variety of motions *in limine*. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984)(in a broad sense, a motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). In light of the nature of pre-trial *in limine* motions, the rulings below shall govern the trial, but any party may seek reconsideration at trial

in light of the evidence actually presented and must make contemporaneous objections when evidence is elicited in order to preserve an objection.

**A. Plaintiffs', Southern Gardens Citrus Processing Corporation and A. Duda & Son's, Inc., Motion in Limine for an Order Restricting Expert Testimony to Assisting the Trier of Fact and Proper Scope (Doc. #157)** filed on October 15, 2013. Defendants' Response in Opposition (Doc. #194) was filed on November 1, 2013. The motion is resolved as follows:

1. Plaintiffs move to preclude Defendants' counsel and Defendants' experts from offering opinions where laypersons can easily draw necessary conclusions. Defendants have no objection to a portion of this request. The request will nonetheless be **denied** because the Court cannot determine at this stage of the proceedings what testimony would be within the scope of such an order.

Plaintiffs also request to preclude experts from testifying as to whether Plaintiffs' actions or beliefs pursuant to an attorney-client relationship with Defendants were reasonable. This request is **denied.**

In order to prevail on Counts II and IV, Plaintiffs must prove the existence of an attorney-client relationship with respect to the acts or omissions upon which the malpractice claim is based. Kates v. Robinson, 786 So. 2d 61, 64 (Fla. 4th DCA 2001). While

2

this element can sometimes be resolved as a matter of law, that is not the situation in this case. "The test Florida courts have used to determine whether a lawyer-client relationship exists in the absence of a formal retainer 'is a subjective one and 'hinges upon the client's belief that he is *consulting* a lawyer in that capacity and his *manifested intention* is to seek professional legal advice.' However, '[t]his subjective belief must . . . be a reasonable one.'" Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1281 (11th Cir. 2004)(emphasis added)(quoting Bartholomew v. Bartholomew, 611 So. 2d 85, 86 (Fla. 2d DCA 1992)). The reasonableness of a client's subjective intent requires that the client do something to plainly show that intent to the attorney. Id. at 1282-84. Plaintiffs' reasonableness is therefore relevant, and expert testimony on this factual issue is not necessarily precluded. "An expert may testify as to his opinion on an ultimate issue of fact. Fed. R. Evid. 704. An expert may not, however, merely tell the jury what result to reach." Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990).

  2. Plaintiffs request that Defendants, Defendants' counsel, and Defendants' experts be precluded from commenting on the weight of the evidence and making factual conclusions. As to counsel, such a request borders on frivolous, and the remainder is at best vague. Plaintiffs request that expert witnesses not be allowed to comment on the weight that should be given to any particular

witness or document, and not be allowed to usurp the jury's function as to factual conclusions. Defendants agree, as does the Court, that experts should not be allowed to usurp the jury's function as fact finders. But experts are allowed to explain the weight they give to certain evidence in reaching their opinions and commenting on contradictory evidence. This request is **denied.**

  3. Plaintiffs request that Defendants' counsel and experts be precluded from commenting on the credibility of one party, any witness, and any witnesses' or party's records, deposition and/or trial testimony. While there are certainly limits to an expert's testimony as to the basis for his opinions, this overbroad and vague request is **denied**.

  4. Plaintiffs move to preclude Defendants and Defendants' counsel from offering any lay or expert witness testimony concerning the honesty or truthfulness of the Plaintiffs in connection with testimony in this case. This request is **denied** because it would appear to include, cross examination, impeachment, and admissible character evidence.

  5. Plaintiffs move to preclude Defendants or Defendants' counsel from asking or allowing experts to comment upon the opinions or testimony of another expert witness so as to attack that expert's credibility. This request is **denied** as overbroad since experts may be able to testify as to the reliability, merits,

4

or foundation of another expert's opinions where relevant to their own opinions.

    6.    Plaintiffs move to preclude Defendants or Defendants' counsel from offering expert opinions different from those rendered during their experts' depositions. Defendants agree with the request, which is **granted.**[1]

    7.    Plaintiffs move to preclude Defendants and Defendants' counsel from offering expert opinions outside of their disclosed roles and disclosed specialties. Defendants agree, and this request is **granted**.

    8.    Plaintiffs move to preclude Defendants or Defendants' counsel from offering expert opinions that have been altered and/or modified from their deposition testimony in this matter. This is essentially a repeat of request #6, and is **granted**.

    9.    Plaintiffs move to preclude Defendants or Defendants' counsel from offering expert opinions on the ultimate issue of negligence or breach of fiduciary duty, as such testimony by any witness constitutes an inadmissible, improper invasion of the province of the jury, essentially telling the jury how to decide the case, citing Fed. R. Evid. 704(a). This request is **denied** because the issue is not that simple.

---

[1] In each instance where Defendants are in agreement with a request, Defendants note that such a restriction should apply to all parties. The Court agrees. When the Court grants a request, it is applicable to all parties.

5

Federal Rule of Evidence 704(a) provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." The Eleventh Circuit has held that a prior version of Rule 704 (providing that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact") was adopted to abolish the so-called "ultimate issue rule," which proscribed opinion testimony that ostensibly invaded the province of the jury. Haney v. Mizell Memorial Hosp., 744 F.2d 1467, 1473-74 (11th Cir. 1984); Hanson v. Waller, 888 F.2d 806, 811-12 (11th Cir. 1989).

Despite the abolition of the ultimate issue rule, "the distinction between whether challenged testimony is either an admissible factual opinion or an inadmissible legal conclusion is not always easy to perceive." Hanson, 888 F.2d at 811 (citations omitted). "To be admissible under rule 704, an expert's opinion on an ultimate issue must be helpful to the jury and also must be based on adequately explored legal criteria." Hanson, 888 F.2d at 812 (citing Haney, 744 F.2d at 1474). Thus, "[a]n expert may testify as to his opinion on an ultimate issue of fact" but an "expert may not, however, merely tell the jury what result to reach. A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law." Montgomery, 898 F.2d at 1541 (citations omitted). "[C]ourts must remain vigilant against the admission of legal conclusions, and an

6

expert witness may not substitute for the court in charging the jury regarding the applicable law." United States v. Milton, 555 F.2d 1198, 1203 (5th Cir. 1977)(citation omitted). The distinction between admissible testimony and inadmissible testimony may turn on the phrasing of a given question. Haney, 744 F.2d at 1473 (citing Owen v. Kerr-McGee Corp., 698 F.2d 236, 240 (5th Cir. 1983)).

10. Plaintiffs move to preclude Defendants or Defendants' counsel from offering expert opinions on the weight that should be given to any particular witness or document and should not be allowed to usurp the jury's function as to factual conclusions. This is essentially a repeat of request #2, and is **denied** for the same reasons.

11. Plaintiffs move to preclude Defendants' counsel from offering expert opinions phrased in terms of inadequately explained legal criteria or legal jargon. While it is correct in general that an expert must adequately explain his opinion and its basis, this request is **denied**. If this becomes an issue at trial, objections to specific testimony must be raised at trial.

12. Plaintiffs move to preclude Defendants or Defendants' counsel from offering expert opinions that convey methodology and application in the form of specific facts, testified in a conclusory manner, or give the appearance of instructing the jury on the law by deliberately testifying in terms of the applicable

7

legal standard.  Objections to specific testimony must be raised at trial.  Thus, this request is **denied**.

**B.   Plaintiffs', Southern Gardens Citrus Processing Corporation and A. Duda & Sons, Inc.'s, Motion in Limine Regarding Kenneth Weigel, Esq. (Doc. #161)** filed on October 15, 2013.  Defendants' Response in Opposition (Doc. #181) was filed on October 29, 2013.  The motion is resolved as follows:

Plaintiffs move the Court to preclude defense expert Kenneth Weigel, Esq. from testifying as an expert in this matter regarding the conduct of Defendants with respect to the "standard legal practices" involving Antidumping Law and the Continuing Dumping Subsidy Offset Act, pursuant to Daubert v. Merrell Dow Pharm., 509 U.S. 579 (1993) and Fed. R. Evid. 702.  Specifically, Plaintiffs move to: (1) restrict admission of or reference to any of Mr. Weigel's testimony regarding "standard of practice" or Defendant Matt McGrath's duty premised on his anecdotal, personal belief or his subjective practice; (2) restrict admission of or reference to testimony treating Byrd Certification filings as "separate proceedings" from all other aspects of the attorney-client relationship; and (3) preclude any and all testimony characterizing the preparation and filing of Byrd Certifications as a "clerical exercise."  Defendants respond that Plaintiffs "motion in limine" is essentially an untimely Daubert motion.  They also argue that Mr. Weigel's opinions are being offered regarding

8

the standard of care and the nature of the Byrd Certification process, and are supported by ample evidence and experience. The Court will consider each issue in turn.

**1. Admission of or reference to any of Mr. Weigel's testimony regarding "standard of practice" or Defendant Matt McGrath's duty premised on witness's anecdotal, personal belief or his subjective practice**

A district court has "broad latitude" to allow an expert whose testimony is based on "professional studies or personal experience." <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 152 (1999). In this case, Mr. Weigel is offering his expert opinion based upon 30 years of practice in the same area of law as the Defendants. The Court has reviewed his expert report as well as the credentials submitted by the Parties, and finds that he is qualified and that his testimony may be admissible at trial. Its weight, if any, is for the jury to decide. Thus, this request is **denied**.

**2. Admission of or reference to Mr. Weigel's testimony treating Byrd Certification filings as "separate proceedings" from all other aspects of the attorney-client relationship**

Plaintiffs argue that Mr. Weigel was not provided with all documents in this case that detail the attorney-client relationship and, thus, was unaware of fundamental details of that relationship. Plaintiffs may impeach Mr. Weigel on cross

examination with such information, but the Court will not summarily exclude his testimony. The request is **denied**.

**3. Whether to preclude any and all testimony characterizing the preparation and filing of Byrd Certifications as a "clerical exercise"**

Plaintiffs argue that Mr. Weigel's characterization of the process of filling out a Byrd Certification form as a "clerical exercise" is irrelevant, and that the "onerous nature, or lack thereof, in preparing, reviewing and filing Byrd Certifications is immaterial to the disposition of this case – thus inadmissible under Rule 401." Defendants respond that the process of filing out a Byrd Certification is highly relevant because Plaintiffs dispute that they were capable of filing their 2008 Byrd Certification despite Mr. McGrath's notification of the deadline, and instead Plaintiffs claim that they required additional information from Mr. McGrath before they would be able to complete the form. The Court finds that this testimony appears relevant and material. The Court will **deny** this request.

**C. Plaintiffs', Southern Gardens Citrus Processing Corporation and A. Duda & Sons, Inc.'s, Motion in Limine Regarding Plaintiffs' Financial Status and United States Sugar Corporation (Doc. #162)** filed on October 15, 2013. Defendants' Response in Opposition (Doc. #191) was filed on November 1, 2013. The motion is resolved as follows:

10

Plaintiff Southern Gardens Citrus Processing Corporation (SGC) is a wholly owned subsidiary of United States Sugar Corporation (US Sugar), a non-party to this litigation. Pursuant to Fed. R. Evid. 401, Plaintiffs move to preclude Defendants and Defendants' counsel from making any reference to the financial status of the Plaintiffs, including any indication of any kind that Plaintiff SGC has not and will not bear the litigation cost for this matter and precluding any mention or reference to US Sugar as SGC's parent company, US Sugar's in-house counsel, Ed Almedia, or US Sugar's resources such as accounting, human resources, and legal departments. Plaintiffs argue that Defendants are incorrect in claiming that the relationship between US Sugar and SGC is relevant because SGC had access to US Sugar's legal department for assistance in filing the Byrd Certifications. Plaintiffs also argue that there is no evidence in the evidentiary documents to be offered at trial that SGC or the Defendants ever had any contact with US Sugar's legal department at all times relevant to these proceedings.

Defendants respond by asserting that witnesses employed by US Sugar will testify at trial; the president of US Sugar is the ultimate person in charge of SGC as he meets with the SGC president twice weekly and supervises SGC's operations; the president of US Sugar and other US Sugar employees have knowledge of the facts relevant to this case; SGC routinely used and had access to US

11

Sugar's legal department; and SGC failed to seek any assistance from US Sugar's legal department regarding the 2008-2010 Byrd Certification filings. This evidence will be used by Defendants in support of their affirmative defense of comparative negligence.

The Court cannot determine at this stage of the proceedings whether there is a sufficient basis to admit the evidence, but also cannot preclude what may be relevant evidence. Defendants have indicated that they have no interest in evidence related to US Sugar's financial status, and other evidence may indeed be relevant. The motion is **denied.**

**D. Plaintiffs', Southern Gardens Citrus Processing Corporation and A. Duda & Sons, Inc.'s, Motion in Limine on General Topics (Doc. #163)** filed on October 15, 2013. Defendants' Response in Opposition (Doc. #193) was filed on November 1, 2013. The motion is resolved as follows:

1. Plaintiffs move to preclude Defendants and Defendants' counsel from introducing any testimony by lay witnesses regarding legal conclusions as to whether acts or omissions of Plaintiff constituted negligence, errors and/or mistakes. Defendants agree that lay testimony regarding ultimate conclusions of law would be inappropriate. The request is **granted**. Since this is the only relief requested, the Court need not address defendants' other concerns.

2.     Plaintiffs move to preclude Defendants and Defendants' counsel from offering any general criticisms against the Plaintiffs, their business or scheduling practices. This request is vague and it is unclear as to the scope of the testimony Plaintiffs seek to preclude. Additionally, it would appear that some such testimony would be highly relevant and admissible. This request is **denied**.

3.     Plaintiffs move to preclude Defendants and Defendants' counsel from commenting on the weight of the evidence and making factual conclusions. More specifically, Plaintiffs argue that Defendants should be prohibited from commenting on the weight of certain documents and making factual conclusions about them. As noted before, this request borders on frivolous as to counsel, and is **denied**.

4.     Plaintiffs move to preclude Defendants and Defendants' counsel from attempting to call non-disclosed witnesses or documents. Plaintiffs argue that witnesses or documents that were not timely listed or disclosed in a timely fashion, including expert witnesses, should not be mentioned or allowed to testify at trial. Defendants agree, and the request is **granted**.

5.     Plaintiffs move to preclude Defendants and Defendants' counsel from offering complaints and criticisms by non-expert witnesses, including the Defendants, and any former or current employee or agent of Florida Citrus Mutual. This would include

13

any employee, agent, board member, and/or officer of Florida Citrus Mutual from offering any statement or opinion on whether there was an attorney-client relationship between Plaintiffs and Defendants. This request is vague and overbroad, and is **denied**.

6. Plaintiffs move to preclude Defendants and Defendants' counsel from commenting or making any reference to the pretrial activities of Plaintiffs or their counsel, such as "roadblocks" put up by the foregoing throughout the course of discovery and/or trial. Similarly, Plaintiffs seek to prohibit the Defendants from commenting on the resources and assets of the Plaintiffs or the relative resources and assets of any party. Because there may be some relevance to some such evidence, the request is **denied**.

7. Plaintiffs move to preclude Defendants and Defendants' counsel from making any statements reflecting a personal belief in the justness of their client's case or from stating any personal knowledge of facts in issue. Defendants agree; this request is **granted** as to counsel only.

8. Plaintiffs move to preclude Defendants and Defendants' counsel from offering any lay or expert witness testimony concerning the honesty or truthfulness of themselves or Plaintiffs in connection with testimony in this action. The scope of this request is unclear, as cross examination, impeachment, and character evidence may be appropriate as to plaintiffs. The request is **denied**.

9. Plaintiffs move to preclude Defendants and Defendants' counsel from making an impermissible "golden rule" argument by encouraging the jurors to place themselves in the shoes of Matt McGrath, his firm, or any member of Florida Citrus Mutual and the Florida citrus industry as a whole. Defendants agree; this request is **granted**.

10. Plaintiffs move to preclude Defendants' counsel from stating their personal opinions or beliefs. Defendants agree; this request is **granted**.

11. Plaintiffs move to preclude Defendants' counsel from making reference to matters outside the evidence or not warranted from the evidence. Defendants agree; the request is **granted**.

12. Plaintiffs move to preclude Defendants' counsel from making a statement or argument in an attempt to arouse the passion or sympathy of the jury, including references to the "conscience of the community." Defendants agree; the request is **granted**.

13. Plaintiffs move to preclude Defendants and Defendants' counsel from criticizing any lawyer who is actively representing Plaintiffs in this action. Defendants agree; the request is **granted**.

14. Plaintiffs move to preclude Defendants and Defendants' counsel from seeking to impeach any witness with any item, document, or material that has not previously been identified and disclosed to Plaintiffs or with any item, document, or materials

of which copies have not been provided to Plaintiffs in accordance with this Court's Order setting this matter for trial. Defendants agree; this request is **granted**.[2]

**E. Defendants' Motion in Limine to Restrict Testimony (Doc. #167)** filed on October 15, 2013. Plaintiffs' Response in Opposition (Doc. #179) was filed on October 29, 2013. The motion is resolved as follows:

1. Defendants move to exclude any testimony or opinions from any expert witness which is premised upon any ethics or rules of professional conduct as such rules have no relevancy to the imposition of liability in this matter. This request is **denied** because it is possible for some such testimony to be relevant.

2. Defendants move to exclude any testimony or opinions from any expert witness which is outside of the expert's disclosed role and disclosed capacity. The Court agrees that such testimony would not be admissible, and this request will be **granted**.

3. Defendants move to exclude any testimony or opinions from any expert witness that have been altered and/or modified from their deposition testimony. This request has also been made

---

[2] In their opposition, Defendants argue that the document produced by Plaintiffs on October 31, 2013, should be prohibited by this Order as well. The Court has previously addressed the admissibility of this document in its December 10, 2013 Order (Doc. #212) and need not do so again here.

16

by the Plaintiffs in a different motion, therefore this request is **granted**.

4.  Defendants move to exclude any testimony or opinions from any expert witness as to the ultimate issues of negligence or breach of fiduciary duty, including formation of the attorney-client relationship. This request will be **denied.** As discussed earlier, while some opinions may be objectionable, defendants will need to voice specific objections to specific questions at trial.

5.  Defendants move to exclude any questions related to or seeking to solicit the subject matter of documents addressed by any court orders prohibiting or otherwise limiting testimony. Plaintiffs do not oppose this request, and it is **granted**.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Fort Myers, Florida this   22nd   day of December, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record